UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ROBERT DEMOS, JR., <br><br>      Plaintiff, <br><br> v. <br><br>UNITED STATES OF AMERICA, *et al.*, <br><br>      Defendants. | Case No. C21-1188-JCC-MLP <br><br> REPORT AND RECOMMENDATION |

  Plaintiff John Demos is a Washington prisoner who is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). He has presented to this Court for filing a document which he identifies as a "Motion in Protest," and he indicates that his motion is "Predicated on Illegal Gerrymandering, Apportionment, and Redistricting." (Dkt. # 1.) Plaintiff has not paid the filing fee for this action nor has he applied to proceed with this action *in forma pauperis* ("IFP").

REPORT AND RECOMMENDATION
PAGE - 1

Plaintiff fails to clearly identify in his motion the grounds for this Court's jurisdiction over this action as is required by Rule 8(a) of the Federal Rules of Civil Procedure. (*See* dkt. # 1.) Plaintiff's allegations appear to relate primarily to alleged illegal county apportionment by the Washington State legislature. (*Id*. at 3-5.) Plaintiff also includes in his motion an allegation that state and federal voting administrators are guilty of allowing illegal voting to occur. (*Id*. at 3.) However, this case was opened as a federal habeas action under 28 U.S.C. § 2241. Consequently, the claims Plaintiff appears to assert do not fall within the scope of § 2241 which generally provides a mechanism for individuals in custody to challenge the lawfulness of their detention. *See* 28 U.S.C. § 2241(c). Plaintiff does not present any challenge to his confinement. Indeed, Plaintiff fails to identify in his motion what relief, if any, he seeks. He appears content to simply raise questions regarding the legitimacy of the Washington State legislative apportionment process. Assuming Plaintiff has asserted any potentially viable claims for relief, they would be more appropriately raised in a regular civil action. Regardless of how Plaintiff's pleading is construed, however, the pleading and this action should be dismissed.

As noted above, Plaintiff has not paid the filing fee for this action nor has he applied to proceed IFP and, thus, this proposed action is not properly before the Court. Even if Plaintiff had applied to proceed IFP, Plaintiff is permitted to submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Plaintiff has already reached this annual limit. *See, e.g.*, *Demos v. Pence, et al.*, No. C21-109-BHS (W.D. Wash.); *Demos v. Dominion Voting Systems, et al.*, No. C21-110-RAJ

REPORT AND RECOMMENDATION
PAGE - 2

(W.D. Wash.); *Demos v. Holbrook, et al.*, No. C21-217-RJB (W.D. Wash.). Though this alone precludes Plaintiff from proceeding with this action, there are additional restrictions as well.

Construing Plaintiff's submission as a federal habeas petition brought under § 2241, the petition is subject to dismissal because Plaintiff is in custody pursuant to a state court judgment and the only habeas remedy available to a state prisoner seeking to challenge his detention is that afforded by 28 U.S.C. § 2254. *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Plaintiff may not proceed under § 2254 because an Order of this Court provides for the return without filing of any petition by Plaintiff that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997). As has been noted, Plaintiff has not paid the filing fee. Moreover, Plaintiff may not proceed with a second or successive habeas petition here unless and until the Ninth Circuit authorizes its filing, which it has not done. *See* 28 U.S.C. § 2244(b)(3)(A).

Construing Plaintiff's submission as a civil complaint rather than a federal habeas petition, this action would be subject to dismissal even if Plaintiff had sought leave to proceed IFP because Plaintiff has not met the requirements of 28 U.S.C. § 1915(g). Under § 1915(g), Plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999). Plaintiff's submission does not contain "a plausible allegation that [he] faced imminent danger of serious

REPORT AND RECOMMENDATION
PAGE - 3

physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted).

Based on the foregoing, this Court recommends that Plaintiff's motion (dkt. # 1) and this action be DISMISSED without prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 1, 2021**.

Dated this 8th day of September, 2021.

_____
MICHELLE L. PETERSON
United States Magistrate Judge